JjMURRAY, Judge.
This writ application was originally granted by this Court, reversing the trial court’s judgment, with one judge dissenting. Upon application to the Supreme Court, it was remanded to this Court with instructions that it be reargued before a five-judge panel, which was done on November 15, 1999. However, a disposition was not rendered prior to Judge Robert Katz’s untimely death. . Therefore, the matter was reargued on May 24, 2000, with Judge Ciaccio sitting pro tempore. Upon reconsideration of relator’s writ application, we reverse our previous disposition, and affirm the trial court’s denial of summary judgment.
The fee schedule codified in Chapter 35 of Title 40 of the Louisiana Administrative Code, § 3513, which was not promulgated by the Department of Labor, Office of Workers’ Compensation until February of 1993, cannot be applied retroactively to Ms. Robinson’s claim.
We rely on the reasoning of the Fifth Circuit in Manuel v. River Parish Disposal, Inc., 96-302, 96-303 (La.App. 5 Cir. 10/1/96), 683 So.2d 791. In that factually similar case, the court was asked to decide if a reimbursement schedule | ^promulgated after the date of the claimant’s injury could be applied retroactively. Based on the principle that the law in effect at the time of injury controls in workers’ compensation cases, the court held that the fee schedule could not apply. It noted that the legislature enacted a statute directing the Office of Workers’ Compensation to establish reimbursement schedules for various medical treatments, but that at the time of the claimant’s injury the schedule had not been promulgated.
Relator argued that the hearing officer erred in denying summary judgment because the factual disputes were not relevant in face of an explicit fee schedule. However, because that schedule is not applicable to the services provided to this claimant, the trial court’s denial of summary judgment based on a genuine issue of fact as to the reasonableness of the fees charged, is correct. That judgment is affirmed, and this matter is remanded for further proceedings.
WRIT APPLICATION GRANTED; JUDGMENT AFFIRMED.